**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LARRY ARRINGTON : | |
|    Petitioner : | |
| v : | Civil Action No. RWT-07-969 |
| LISA HOLLINGSWORTH : | |
|    Respondent : | |

o0o

## MEMORANDUM OPINION

Pursuant to a Show Cause Order issued on April 30, 2007, Respondent filed a response to the above-captioned Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Paper No. 4. Petitioner alleges that the United States Parole Commission (1) unlawfully revoked Petitioner's parole and (2) prison officials lack subject matter jurisdiction to make federal and state sentences consecutive. Paper No. 1. Upon consideration of the Petitioner for Writ of Habeas Corpus and the response thereto, the undersigned concludes that Petitioner is not entitled to the relief sought for the reasons that follow.

**Background**

Petitioner states that he pled guilty to "criminal offenses" in the Superior Court for the District of Columbia on June 19, 1990, and received a sentence of six to eighteen years. Paper No. 1 at 7. He was released on parole after serving the minimum term of six years. Id. Petitioner admits that he violated his parole on several occasions and claims that he served approximately nineteen months in jail for his "parole sentence." Id. In addition, Petitioner states that he has a new forty-four-month sentence to serve and has a state detainer lodged against him that will be executed on his "release term date," which he claims is July 13, 2011. Id.

The United States Parole Commission issued a warrant for Petitioner's parole violation on

May 18, 2004, which was executed on October 12, 2004. Paper No. 4 at Ex. 1A & 2B. According to the executed warrant, Petitioner was released on parole on August 15, 2003, with 3,341 days remaining to be served on the District of Columbia sentence. Paper No. 4 at Ex. 2C. Under Bureau of Prisons policy, "a District of Columbia parole violator must serve the balance of the sentence as it existed at the time of release [on parole] with no benefit for street time."[1] Federal Bureau of Prisons, United States Dep't of Justice, Program Statement 5880.32, District of Columbia Sentence Computation Manual ¶ 17.6, *available at* www.bop.gov (policy/forms); see D.C. Code § 24-206 ("The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."). The good conduct time awarded to a parole violator is calculated based on the length of time required to serve for the violation, or in this case 3,341 days. See id.

      Petitioner alleges that the U.S. Parole Commission is an unconstitutional federal parole board because it imposes sentences on state prisoners "in violation of the Article III Clause." Paper No. 1 at 4. Secondly, Petitioner asserts that prison officials lack subject matter jurisdiction to run a state or federal sentence consecutive without a court order. Id. at 5. Lastly, he alleges that, because federal parole has been abolished, the revocation of his parole was not a proper proceeding. Id. Petitioner takes issue with the practice of starting the parole violation term on the date the warrant is executed and denying street time credit. This practice has the effect of making Petitioner's violation term consecutive, or at least partially consecutive, to any other sentence he has served in the interim time between the date he is physically returned to custody and the parole violation warrant is executed. See id. at 4–6. As relief, Petitioner seeks an order from this Court that would

---

[1] "Street time credit" refers to the treatment of time spent out on parole as time spent incarcerated serving the original sentence. See Federal Bureau of Prisons, United States Dep't of Justice, Program Statement 5880.32, District of Columbia Sentence Computation Manual ¶¶ 17.1-17.3, *available at* www.bop.gov (policy/forms).

restore all street time credit and good time credits and declare his state sentence invalid. Id. at 7. He further alleges that (1) the original sentence has expired, (2) the parole eligibility release date should not be at the discretion of the United States Parole Commission, and (3) the sentencing judge relinquished his authority to ever violate the parole sentence pursuant to D.C. Code §§ 24-104, 11-923, and Crim. Proc. Rule 32.1. Id.

## Exhaustion

It is the responsibility of the United States Attorney General, the United States Department of Justice, and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. See 18 U.S.C. § 3624. In the event a prisoner disputes the computation of his sentence or the application of credits, he or she may seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities. See 28 C.F.R. §§ 542.10-542.19. To the extent that Petitioner takes issue with the way his parole violation term has been calculated and the amount of credits he has been awarded, he is required to file an administrative remedy request prior to filing an action in this court. See United States v. Ramirez, Civ. No. 86-7749, 1987 WL 24454 (4th Cir. 1987) (holding that, "after exhaustion of administrative remedies . . . judicial review of a claim relating to computation of sentence is available under 28 U.S.C. § 2241 in the district of confinement," citing Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984); United States v. Hornick, 815 F.2d 1156, 1160 (7th Cir. 1987)).

Respondent asserts that Petitioner has not filed an administrative remedy request regarding any of the issues raised in the instant petition. Petitioner has not refuted that assertion. The Court concludes that Petitioner has not exhausted his claim regarding the calculation of his sentence or the

number of credits awarded, thereby foreclosing the availability of relief through a petition for writ of habeas corpus.  Accordingly, the petition will be dismissed without reaching the merits of the claims raised.

     A separate Order follows.

Date: 10/15/07                                                    /s/
                                                           ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE